**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| **MICHAEL ANGELO TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 12-2205-STA-tmp** |
| ) | |
| **LESLIE'S POOLMART, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

---

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING
ARBITRATION**

---

Before the Court is Defendant Leslie's Poolmart, Inc.'s Motion to Dismiss Pursuant to the

Federal Arbitration Act and Rule 12(b)(6), or alternatively to Stay Proceedings Pending Arbitration

(D.E. # 7) filed on May 14, 2012. Plaintiff Michael Angelo Taylor, who filed his Complaint *pro se*,

retained counsel and filed a response in partial opposition to Defendant's Motion (D.E. # 18).

Defendant has filed a reply brief (D.E. # 19). For the reasons set forth below, the Motion to Stay

Proceedings Pending Arbitration is **GRANTED**.

**BACKGROUND**

On March 12, 2012, Plaintiff filed a *pro se* Complaint alleging violations of Title VII arising

out of his employment with Defendant. Specifically, Plaintiff alleged that he was denied promotion

because of his race and then terminated in retaliation for engaging in protected activity under Title

VII. Defendant filed the instant Motion, arguing that the parties agreed to submit any disputes

arising out of Plaintiff's employment to binding arbitration, including the threshold issue of whether

an enforceable agreement exists and whether the agreement is applicable to Plaintiff's claims in this case. Defendant contends that as a result the Court should dismiss the complaint or stay the judicial proceedings while the parties arbitrate. In the alternative, Defendant argues that the *pro se* Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has filed a response to Defendant's Motion. Plaintiff maintains that his *pro se* Complaint does satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. Nevertheless, Plaintiff concedes that "he signed an arbitration agreement in this cause upon hire with the Defendant and would consent to this matter being stayed in the United States District Court for the Western District of Tennessee while the parties seek arbitration on the matters at issue."[1] Defendant argues in reply (but without citation to authority) that the Court should send the case to arbitration only if the Court first finds that Plaintiff's *pro se* Complaint has stated a claim for purposes of Rule 12(b)(6).

## ANALYSIS

When parties to a lawsuit have entered a valid arbitration agreement, the proper procedure is for the Court to compel arbitration and stay the proceedings while arbitration occurs.[2] The FAA was enacted with the purpose "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts."[3] When a party files a motion raising

---

[1] Pl.'s Resp. in Opp'n 2 (D.E. # 18).

[2] *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing 9 U.S.C. § 2).

[3] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see also Rosenberg v. BlueCross BlueShield of Tenn., Inc.*, 219 S.W.3d. 892 (Tenn. 2006).

arbitration, the court "must follow the procedure set forth in section 4 of the FAA."[4]  Section 4 of

the FAA provides as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed . . . .  [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration . . . .[5]

Under the FAA, the Court has four tasks when examining an arbitration agreement.[6]  First, it must

determine whether the parties have agreed to arbitrate.[7]  Second, it must determine the scope of the

agreement.[8]  Third, where federal statutory claims are asserted, the Court must consider whether

Congress intended those claims to be non-arbitrable.[9]  Finally, if the Court concludes that some, but

not all, of the claims are subject to arbitration, it must determine whether to stay the remainder of

the proceedings pending arbitration.[10]

Based on the concession of Plaintiff, the Court holds that the parties in this matter agreed at

the very least to submit the gateway question of whether an enforceable agreement exists and

whether that agreement is applicable to the claims raised by Plaintiff.  The parties' agreement states

---

[4] *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003).

[5] 9 U.S.C. § 4; *Simons*, 288 F.3d at 889.

[6] *See Fazio*, 340 F.3d at 392 (citing *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000)).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

> The Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable.[11]

It further appears to the Court that Plaintiff concedes that the claims set forth in his *pro se* Complaint are among the arbitrable disputes covered by the parties' agreement. Under these circumstances, the Court does not have the discretion to refuse to compel arbitration.[12] Therefore, the parties are directed to proceed to arbitration. Furthermore, having satisfied itself that the parties entered into a written agreement to arbitrate the issues in this suit, the Court will stay the proceedings.[13] Therefore, Defendant's Motion is **GRANTED** with respect to the arbitration issue, and this matter will be **STAYED** and administratively closed, pending the outcome of the arbitration proceedings.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 28, 2013.

---

[11] Arbitration Agreement, ex. 1 to Decl. of Klecker, at 2 (D.E. # 7-2).

[12] *Terry v. Labor Ready, Inc.*, No. 02-1035, 2002 WL 1477213, at *1 (W.D. Tenn. July 2, 2002) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) .

[13] *Terry*, 2002 WL 1477213, at *1 (citing 9 U.S.C. § 3).